**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL HECTOR VIERA,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE M. PEERY,<br><br>Respondent. | No. 2:19-CV-1573-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is respondent's motion to dismiss (ECF No. 7).

### I.  BACKGROUND

On October 29, 2010, petitioner Viera pled no contest to charges brought against him under California Penal Code § 273.5(a) with an enhancement under § 12022.7(a) (willfully inflicting corporal injury to a spouse or cohabitant with an enhancement for causing great bodily injury) in Solano County Superior Court, case number FCR276370. See ECF No. 1 at 5. Petitioner received a suspended seven-year prison sentence with the added terms of 210 days in county jail and three years of probation. See id. at 6. Petitioner claims he was denied his Sixth Amendment rights when his trial counsel failed to advise him of his ineligibility for half-time

1  credits due to him pleading no contest to the § 12022.7(a) enhancement.  See id. at 7.  Petitioner
2  claims he agreed to the deal to avoid serving an immediate prison sentence, but that he was
3  unaware he would not receive half-time credits for the suspended sentence.  See id. at 6-7.
4  Petitioner only served half of his 210-day jail sentence.  See id.

5  On September 19, 2013, petitioner admitted to violating California Vehicle Code
6  §§ 2800.2 and 20002 in Solano County case number VCR217660.  See id. at 5.  Since petitioner
7  violated his probation, the state court reinstated and extended the probation for the maximum of
8  five years with the seven-year suspended sentence.  See id.  The court also directed petitioner to
9  the Delancey Street program for a two-year commitment, and three years of probation with an
10  eight-month suspended sentence for the Vehicle Code violations to be served consecutive with
11  the former seven-year sentence.  See id. at 5-7. Finally, petitioner agreed to waive all custody
12  credits, "past, present and future" in the event of another probation violation.  See id. at 7, 74-5.

13  On March 17, 2017, petitioner's probation was revoked and he was sentenced to
14  serve seven years and eight months imprisonment.  See id. at 7.  Petitioner did not pursue a direct
15  appeal of his conviction.  See id. at 6.

16  On October 25, 2018, petitioner filed for a writ of habeas corpus in Solano County
17  Superior Court arguing that he was denied his Sixth Amendment right to counsel because he was
18  not properly advised of the credits that were available to him.  Id.  On December 17, 2018, the
19  Superior Court filed an order denying the habeas petition.  Id.  On February 13, 2019, petitioner
20  filed a petition for a writ of habeas corpus in the California Court of Appeal, First Appellate
21  District.  Id.  That court summarily denied the petition on April 4, 2019.  Id.  On April 11, 2019,
22  petitioner filed a petition for review in the California Supreme Court.  Id.  On May 15, 2019, the
23  California Supreme Court denied the petition. Id. On August 13, 2019, petitioner filed a petition
24  for writ of habeas corpus before this Court. See ECF No. 1.
25  / / /
26  / / /
27  / / /
28  / / /

## II. DISCUSSION

Respondent argues that petitioner's federal habeas filing was untimely under 28 U.S.C. § 2244(d). The Court agrees with respondent's argument and finds in favor of granting the motion to dismiss.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

///

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

### A. Limitation Period

Respondent argues in the motion to dismiss that petitioner's filing for a writ of habeas corpus to this Court on August 13, 2019 is untimely according to 28 U.S.C. § 2244(d). See ECF 7 at 3. According to respondent:

4

> [P]etitioner's conviction became final on May 16, 2017, 60 days after he was sentenced on March 17, 2017. Petitioner therefore had until May 16, 2018 to file his federal habeas petition. He did not file a federal habeas petition until August 13, 2019, over one year after the limitations period expired. Accordingly, [absent tolling], dismissal is warranted.

Id. (citations omitted).

Typically, the AEDPA allows for tolling while a petitioner seeks State post-conviction relief or other collateral review with respect to the pertinent judgement or claim. See 28 U.S.C. § 2244(d)(2). However, the statute is not tolled for state court petitions filed after the AEDPA deadline has already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Here, petitioner's AEDPA deadline was May 16, 2018, two months after his final conviction. However, petitioner did not seek state post-conviction relief until October 25, 2018, well-after the AEDPA deadline expired. Accordingly, the Court finds that the petition is not entitled to tolling for the time during which petitioner sought state post-conviction relief and the August 13, 2019 filing of his federal petition, which was untimely submitted. Thus, petitioner's filing is procedurally defective under § 2244(d)(1)(A), warranting dismissal of his federal habeas petition.

### B. **Petitioner's Opposition**

In opposition to the limitation period described above under § 2244(d)(1)(A), petitioner advocates for applying § 2244(d)(1)(D), requiring the limitation period to commence when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at 4. In support of applying the alternative statute of limitations, petitioner simply argues that the factual predicate—waiver of his custody credits—remained unknown to him during his sentencing. See id. at 5. Therefore, the statute of limitations could not have begun on the date he was sentenced. See id. Petitioner notably never provides an alternative date for when he could have unearthed the factual predicate of his claim to begin the clock under § 2244(d)(1)(D).

///

///

Petitioner's argument makes two errors: (1) petitioner erroneously argues for a subjective standard to determine when the factual predicate of his claim became discoverable; and (2) petitioner fails to show how applying § 2244(d)(1)(D) would result in a later expiration date of the statute of limitations.

### i. Objective Standard

First, petitioner erroneously believes that the Court should adopt a subjective standard for determining when the factual predicate of his claim could have been discovered by due diligence. Here, petitioner merely argues that he had no knowledge of his ineligibility for half-time credits through his sentencing. However, determining when the factual predicate became discoverable is an objective standard and not based on petitioner's delayed realization of his past plea agreements. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). Under the applicable standard, the Court finds petitioner's ineligibility for credits was objectively discoverable even before his sentencing.

Part of petitioner's initial October 29, 2010 plea agreement included an enhancement that made him ineligible for half-time credits. See ECF No. 1 at 14. Accordingly, "the due diligence clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks omitted) (citing Hasan, 254 F.3d at 1154 n. 3; and Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003)). Despite petitioner's contention that he was never apprised of losing eligibility for credits, the terms of petitioner's suspended sentence were at all times available to him even if he did not understand their legal significance. Furthermore, transcripts of petitioner's September 19, 2013 sentencing show that the state court repeatedly asked petitioner if he understood the terms of the waiver forms petitioner had signed, including waiving "any credit of any type, past, present and future." ECF No. 1 at 74-5. Finally, as respondent notes in the reply brief, petitioner appears to admit that he learned he was ineligible for half-time credits upon his March 16, 2017 sentencing or soon thereafter. See ECF No. 15 at 3 (quoting ECF No. 1 at 33-34). Petitioner's declaration attached to his state habeas petition states the following:

> On March 17, 2017, after the court found that I violated my probation by failing to complete Delancey Street, the 7-year, 8-month sentence was imposed. I was remanded to CDCR. At this time, I learned I would be required to serve 8t percent of my sentence before I was eligible for probation. . . . It was not until I was sentenced in March of 2017 that I learned that I was not eligible for half-time credits.

ECF No. 1 at 33-34. Since the terms of petitioner plea agreement—the factual predicate of his claim—were available to him, either immediately before, during, or after his sentencing, petitioner argument fails under § 2244(d)(1)(D).

####  ii. Limitation Period's Latest Expiration Date

Second, petitioner never demonstrates that applying § 2244(d)(1)(A) would result in a later expiration date of the limitation period than May 16, 2018 under § 2244(d)(1)(D). The Court is required to apply the limitation period that runs the latest. See 28 U.S.C § 2244(d)(1). Petitioner argues in his opposition that the "statute of limitations could not have begun on the date he was sentenced under 28 U.S.C. § 2244(d)(1)(A)." See ECF No. 14 at 5 (emphasis omitted). Here, petitioner is correct since the clock would begin sixty days after his sentencing on May 16, 2017 under § 2244(d)(1)(A).   As shown above, there is ample evidence to show that the factual predicate of petitioner's claim was discoverable before, during, and almost immediately after this time.  Since petitioner never provides a later date for when the factual predicate could have been discovered, a proper application of § 2244(d)(1)(D) would start the limitation period prior to May 16, 2017 when petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A).  Therefore, the expiration of the limitation period on May 16, 2018 was the latest possible point for petitioner to file a writ of habeas corpus under § 2244(d)(1).

///
///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 7) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8