1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10                           ----oo0oo----
11
12   DANIEL HECTOR VIERA,              No. 2:19-cv-1573 WBS DMC
13                  Petitioner,
14        v.                          ORDER
15   SUZANNE M. PEERY
16                  Respondent.
17
18                           ----oo0oo----
19        Petitioner, a state prisoner proceeding pro se, brings
20   this petition for a writ of habeas corpus pursuant to 28 U.S.C.
21   § 2254. The matter was referred to a United States magistrate
22   judge pursuant to Eastern District of California local rules.
23        On July 23, 2020, the magistrate judge filed findings
24   and recommendations herein which were served on the parties and
25   which contained notice that the parties may file objections
26   within the time specified therein.  (See Magistrate's Findings
27   and Recommendations ("Magistrate's F&R") (Docket No. 17).)
28   Timely objections to the findings and recommendations have been

                                1

1 filed.

2       Specifically, petitioner objects to the magistrate
3 judge's finding that his petition for a writ of habeas corpus was
4 procedurally defective because it was not timely filed under the
5 applicable statute of limitations, 28 U.S.C. § 2244(d)(1)(A).
6 (See Pet'r's Objs. at 4-6 (Docket No. 18).)   Petitioner argues
7 that his petition was timely filed because (1) neither he nor any
8 other defendant in his position could reasonably have known that
9 he was ineligible for half-time credits, and (2) the magistrate
10 judge erred in determining that May 16, 2018 was the latest
11 possible date upon which the limitations period could expire.
12 (See id.)

13       In accordance with the provisions of 28 U.S.C. §
14 636(b)(1)(C) and Local Rule 304(f), this court has conducted a de
15 novo review of this matter.  Having carefully reviewed the entire
16 file, the court finds the magistrate's findings and
17 recommendations to be supported by the record and by proper
18 analysis.

19       First, the court agrees with the magistrate judge's
20 determination that petitioner should reasonably have known he was
21 not entitled to half-time credits by May 16, 2017.  (See
22 Magistrate's F&R at 6.)   The Ninth Circuit has consistently held
23 that the limitations period "begins when the prisoner knows (or
24 through diligence could discover) the important facts, not when
25 the prisoner recognizes their legal significance."   Hasan v.
26 Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2012).

27       Here, the evidence here shows that petitioner's 2010
28 plea agreement included an enhancement that made him ineligible

2

1   for half-time credits, and that petitioner was repeatedly asked

2   during his 2013 sentencing in state court if he understood the

3   terms of forms he had signed waiving his entitlement to half-time

4   credits.  (See Magistrate's F&R at 6.)  Petitioner therefore

5   could have discovered, through reasonable diligence, that he was

6   not eligible for half-time credits, even if he did not understand

7   the legal significance of each term in his sentence when he

8   received it.  See Hasan, 254 F.3d at 1154 n.3.

9          Moreover, petitioner appeared to admit in the

10  declaration he attached to his state habeas petition that he had

11  actual knowledge of his ineligibility for half-time credits

12  during or immediately after his March 16, 2017 sentencing.  (Id.)

13  The court therefore agrees with the magistrate judge's finding

14  that a reasonable defendant in petitioner's position could have

15  discovered his ineligibility for half-time credits before his

16  sentencing became final on May 16, 2017.

17         Second, the court agrees with the magistrate judge's

18  finding that May 16, 2018, was the last date for petitioner to

19  file a writ of habeas corpus under 28 U.S.C. § 2244(d)(1)(A).

20  (See Magistrate's F&R at 7.)  28 U.S.C. § 2244(d)(1)(A) requires

21  a petitioner to file a writ of habeas corpus within one year of

22  his sentence becoming final or within one year of the date on

23  which the factual predicate of his claim could have been

24  discovered by exercising due diligence, whichever is later.

25  Here, there was ample evidence showing that petitioner could have

26  discovered the factual predicate of his claim prior to or, at the

27  latest, immediately after his sentencing on March 16, 2017.  (See

28  Magistrate's F&R at 6-7.)  The magistrate judge therefore

3

1  correctly found that the latest date upon which the limitations

2  period could have expired was when petitioner's sentencing became

3  final, on May 16, 2017.  See 28 U.S.C. § 2244(d)(1)(A).

4          Accordingly, IT IS HEREBY ORDERED that:

5      1.   The findings and recommendations filed July 23, 2020,

6           are adopted in full;

7      2.   Respondent's motion to dismiss (ECF No. 7) is granted;

8           and

9      3.   The Clerk of the Court is directed to enter judgment

10          and close this file.

11  Dated:   September 25, 2020

12                           WILLIAM B. SHUBB
                             UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4